UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE MUCKLESHOOT INDIAN TRIBE,<br><br>    Plaintiff,<br><br>    v.<br><br>THE NATIONAL MARINE FISHERIES SERVICE, et al.,<br><br>    Defendants. | CASE NO. C03-3775JLR<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on Roz Glasser's motion to intervene pursuant to Fed. R. Civ. P. 24(c) ("Rule 24(c)") (Dkt. # 52). The court has considered the papers filed in support and in opposition of the motion and has heard oral argument. The court DENIES Ms. Glasser's motion for the reasons stated below.

## II. BACKGROUND

Plaintiff Muckleshoot Indian Tribe ("the Tribe") brought this suit against the National Marine Fisheries Services ("NMFS") alleging violations of the Endangered Species Act ("ESA") based on NMFS's approval of various elements of the Cedar River Water Project. As manager of the Cedar River Water Project, the City of Seattle ("the

ORDER – 1

City") subsequently moved to intervene as the real party in interest, which this court granted (Dkt. # 22). Since that time, the City and the Tribe have engaged in extensive negotiations, resulting in a proposed settlement agreement that includes a cap on water diversions and a long-term commitment to minimum instream flows in the Cedar River. The agreement also reaffirms the City's commitment to build a sockeye hatchery, which NMFS previously approved as a mitigation component of the City's Habitat Conservation Plan ("HCP").

On August 11, 2006, the parties filed a joint motion to dismiss the action, requesting that the court incorporate the proposed settlement agreement into its order of dismissal. Although the court could have considered the motion on the date it was filed, Local Rules W.D. Wash. CR 7(d)(1), the court invited the parties to present their proposed settlement agreement in open court. One week after the parties filed their joint motion and prior to the hearing date, Ms. Glasser filed a motion to intervene alleging that her interests would be adversely impacted by the court's entry of the parties' proposed settlement agreement.

### III. ANALYSIS

Although Ms. Glasser failed to attach a pleading to her motion, as required by Rule 24(c), the gravamen of Ms. Glasser's claim appears to be that her interests will be impaired by the City's agreement to construct and operate the sockeye hatchery. In order to intervene as of right, Ms. Glasser must meet four requirements:

(1) a timely application
(2) a "significant protectable interest" relating to the subject of the action;
(3) that the disposition of the action may, as a practical matter, impair or impede her ability to protect her interest; and
(4) that the existing parties do not adequately represent her interest.

See State ex rel. Lockyer v. U.S., 450 F.3d 436, 440 (9th Cir. 2006).

ORDER – 2

At the threshold, the court is not persuaded that Ms. Glasser's motion is timely. Ms. Glasser's motion comes over two-and-one-half years after the Tribe initiated this lawsuit, and some five months after the agreement became a matter of public record in preparation for a hearing before the City Council. It is difficult to square Ms. Glasser's contention that she could not have previously known that her interests might be impaired by the parties' agreement with the fact that she filed suit in April 2006 against NMFS based on the same contentions she raises here. Glasser v. NMFS, No. 6-561JCC (W.D. Wash., April 20, 2006) (Compl. ¶ 1) ("This action challenges the Endangered Species Act exemption granted by federal defendant [NMFS] . . . for [the City's] construction and operation of a sockeye hatchery . . . ."). Ms. Glasser also admits to challenging the City's HCP in state court.

Moreover, the court finds that, at this stage of the proceedings, intervention is highly prejudicial to the existing parties. See Orange Co. v. Air California, 799 F.2d 535, 538 (9th Cir. 1986); Ragsdale v. Turnock, 941 F.2d 501 (7th Cir. 1991) ("Once parties have invested time and effort into settling a case it would be prejudicial to allow intervention"). The Tribe and City's governing bodies have signed the proposed settlement agreement after intense negotiations spanning several months.

Perhaps most importantly, even if the court assumes that Ms. Glasser's application is timely and that she has a significantly protectable interest that cannot be adequately represented by the parties, the court is not persuaded that her interests will suffer any impairment by denying her motion. Nothing in the proposed settlement agreement changes NMFS's legal obligation to enforce the ESA. Indeed, the agreement makes the City's commitment to build a hatchery contingent on there being no legal impediment to do so. See Agreement Part 2, B.1.b. Thus, if Ms. Glasser prevails in her suit against

ORDER – 3

NMFS, the settlement agreement – as it expressly provides – may have to bend to meet new legal requirements.

## IV. CONCLUSION

For the reasons stated above, the court DENIES Ms. Glasser's motion to intervene (Dkt. # 52).

Dated this 30th day of August, 2006.

_____
JAMES L. ROBART
United States District Judge

ORDER – 4